Penn Ayers Butler (Bar No. 56663)
Michael D. Cooper (Bar No. 42761)
Elizabeth Berke-Dreyfuss (Bar No. 114651)
Tracy Green (Bar No. 114876)
**WENDEL, ROSEN, BLACK & DEAN LLP**
1111 Broadway, 24th Floor
Oakland, California 94607
Telephone: (510) 834-6600
Fax: (510) 834-1928
Email: tgreen@wendel.com

Attorneys for Debtor In Possession
ECO2 Plastics, Inc.

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

In Re

ECO2 PLASTICS, INC.,
a Delaware corporation

Tax ID No. 31-1705310,

Debtor,

Case No. 09-33702-DM
Chapter 11

**FIRST INTERIM APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES BY COUNSEL FOR DEBTOR**

Date: April 23, 2010
Time: 9:30 a.m.
Place: 235 Pine Street, Room 22
San Francisco, California

The law firm of Wendel, Rosen, Black & Dean LLP ("Wendel Rosen"), hereby requests interim allowance of compensation for services and reimbursement of costs for its representation of ECO2 Plastics, Inc., a Delaware corporation ("ECO2" or "Debtor"), Debtor and debtor in possession in this Chapter 11 case. By this Application, Wendel Rosen requests interim allowance of its compensation for services and costs from November 24, 2009, the date of commencement of the ECO2 Chapter 11 case, through February 28, 2010, in the amount of $201,363.50 in fees and $12,258.89 in costs, and requests the prompt payment of the sum of an additional $110,000.00, after applying the $100,000.00 that Wendel Rosen received by way of a


Case: 09-33702 Doc# 160 Filed: 03/30/10 Entered: 03/30/10 14:32:42 Page 1 of 18

post-petition retainer. The amount sought for payment at this time is in accord with the amount provided in the Debtor in Possession loan budget as approved by prior Order of this Court (Docket # 138 dated 2/12/10).

## I. APPLICATION SUMMARY

Wendel Rosen has represented ECO2 as the debtor in possession in this Chapter 11 case. During the pendency of the Chapter 11 case, ECO2 has paid or satisfied, based on its February, 2010 Monthly Operating Report, in excess of $491,855 in post petition expenses of administration and other authorized payments. ECO2 was able to conduct an orderly and efficient Chapter 11 process and to develop a basis to prepare a credible Chapter 11 Plan, which Plan was filed on March 11, 2010.

As more fully described in this Application, the reasonable value of the fee portion of the services provided by Wendel Rosen through February 28, 2010, is $216,180.50; however, Wendel Rosen has voluntarily reduced its request for fees in this Application by approximately $14,817.00. In addition to its request for fees, Wendel Rosen requests reimbursement of $12,258.89 as costs incurred in its representation of ECO2.

The total amount sought by this interim application is $201,363.50 in fees and $12,258.89 in costs, less the amount of $100,000.00, for a net amount due of $113,622.39. However, Wendel Rosen is limiting its request for payment at this time to $110,000.00, the amount provided in the Debtor in Possession loan budget. The amount provide in the Debtor in Possession loan is not a cap on fees payable to Wendel Rosen and this limitation is without prejudice to future requests for compensation. This first interim application does not include costs or fees incurred on or after March 1, 2010.

During the Application Period, Applicant prepared and filed 24 motions, all of which were granted by the Court. Applicant's services are described in more detail below.

### A. Employment and Prior Compensation

A copy of the Order authorizing Wendel Rosen representation of ECO2, entered on December 18, 2009, is attached as **Exhibit A.** Wendel Rosen has not previously applied for allowance of compensation and reimbursement of costs in this case. Prior to the commencement

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607

of the case, ECO2 paid Wendel Rosen a total of $61,000.00 as an advance payment for services in connection with its financial situation and preparation for this Chapter 11 case. Subsequently, in accordance with an Order dated December 30, 2009 (Docket #98) ECO2 was authorized to pay and has paid Wendel Rosen a $100,000 post-petition retainer.

**B. Status of the Case**

The ECO2 Chapter 11 Plan dated March 11, 2010, (the "Plan"), was filed on March 11, 2010 and a hearing on the ECO2 Chapter 11 Plan Disclosure Statement is set for April 16, 2010. The Plan Effective Date is expected to occur on or about June 28, 2010. The final amount of allowed claims is not known at this time, but scheduled claims to date total approximately $12,403,473.00 in secured, $290,287.18 in priority claims and $2,923,796.74 in unsecured claims.

**C. Client Review of Application**

A copy of this Application and the supporting certificate are being served on ECO2 and the Office of the United States Trustee for review and comment, in accordance with the *Guidelines for Compensation and Expense Reimbursement of Professionals and Trustees* of this District dated February 29, 2008 ("Guidelines"). A copy of the Wendel Rosen transmittal letter to ECO2 is attached as **Exhibit B**.

## II. GENERAL DESCRIPTION OF THE ECO2 BUSINESS

ECO2 is a publicly traded company whose stock is traded under the symbol "EOPI.OB" with SEC file number 033-31067. As of November 24, 2009, the Debtor had 560,401,057 shares of its common stock outstanding, held by approximately 1,004 stockholders. Since the suspension of pilot plant operations in Riverbank, California the business office for ECO2 has been located at 1143 Crane Street, Suite 203, Menlo Park, CA 94025.

The Debtor was formerly known as Itec Environmental Group, Inc., and was founded in Oakdale, California, and incorporated under the laws of the State of Delaware in 2000, for purposes of developing, constructing and operating a plastics recycling method. In 2007 the Debtor changed its name to ECO2 Plastics, Inc. ECO2 is engaged in the development of recycling technology and processing equipment which cleans post-consumer plastics within a

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607

proprietary, closed-loop system for plastic materials including high density polyethylene and polyethylene terephthalate. This ECO2 Environmental System (the "ECO2 Environmental System") cleans post-consumer plastics, without the use of water, at a cost savings versus traditional methods (the "Process"). The Process is both patented and patent-pending and is based in part on technology licensed from Honeywell Federal Manufacturing & Technologies, LLC ("Honeywell") and the Department of Energy on an exclusive basis for the patent life.

## III. SUMMARY OF EVENTS PRIOR TO THE CHAPTER 11 CASE

Since its inception, ECO2 has invested in the development of the Process technology and equipment by building several scaled up versions of the Prototype ECO2 Environmental System (the "Prototype"), testing of the Prototypes, building a pilot plant, evaluating the product produced by the Prototype and real-time testing. The second ECO2 pilot plant was constructed at 5300 Claus Road, Riverbank, California. As a result of new production technology beginning to come online in 2008, and to reduce plant operating costs and use of cash during the ramp-up period, ECO2 decided to direct most production to its new technology equipment and accordingly reduced operations of its prior technology production equipment.

Over the years, ECO2 made significant progress in refining its production processes and moved closer to volume and quality goals, management and the Board concluded that ECO2 would not likely achieve its goals utilizing the Riverbank facility. The Debtor lost $9,624,000.00 from operations on revenue of $1,423,000.00 in the quarter year ending September 30, 2009. ECO2 determined that the size and layout of the existing facility was not suitable for the efficient flow of production processes. In addition, management and the Board determined that ECO2 must upgrade its primary plastic flake wash line in order to enable production at a higher volume and at a more competitive cost structure to be competitive. Equipment to be utilized for most efficient production will require a production footprint for which the existing plant is not suitable.

In September 2009, the Board of Directors of ECO2 approved a plan to relocate and upgrade production facilities to a new location in Northern California, and in connection with this plan, ECO2 closed its Riverbank facility and laid off approximately fifty (50) employees. Since September 2009 ECO2 had approximately four employees dismantling and staging equipment for

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607

relocation to a yet to be determined location and planning the construction and installation of a new processing line.

## IV. SUMMARY OF EVENTS DURING THE CHAPTER 11 CASE

ECO2 filed its Chapter 11 Voluntary Petition on November 24, 2009 and became a Chapter 11 Debtor-in-Possession in order to seek to recapitalize and to obtain new financing to build and equip the new plant facility. During the Chapter 11 Case, ECO2 reduced its workforce to three (3) employees. Company management projects development of the new plant and installation of new equipment will require approximately six (6) to nine (9) months and approximately $15,000,000.00 in additional cash and/financing. Company management expects that a significant portion of this amount can be financed through equipment lease and other commercial credit facilities, while the balance will need to be sourced from equity or debt investors, which will be the basis of the exit financing.

### A. Initial Pleadings

Applicant prepared initial case motions to allow the Debtor to continue to operate during the Chapter 11 without interruption. On December 1, 2009, Applicant filed a Motion for Order Authorizing the Debtor to (I) Honor Prepetition Employee Wages, Obligations and Contributions to Employee Benefit Plans; and (II) for the Debtor and Banks and Other Financial Institutions to Company with Producers Relating to Authorized Prepetition Employee Payments (Docket #18). After a duly noticed hearing, an Order on the Motion was entered on December 17, 2009, allowing the Debtor to honor its prepetition employee obligations (Docket #56).

Additionally, Applicant prepared a motion for authority to allow the Debtor to continue to pay its utility services on an uninterrupted basis essential to the ECO2 ongoing operations, and to provide adequate protection payments for deposits should such be necessary. Applicant filed a Motion for an Order prohibiting the utilities from altering, refusing or discontinuing services, deeming utilities adequately assured of payment and establishing procedures for determining requests for additional adequate assurance or payment (Docket #17). An Order on this Motion was entered by the Court on December 7, 2009 (Docket #33).

Applicant spent 56.4 hours in performing these tasks, incurring fees in the amount of

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607

$14,744.50, as more particularly described in the attached **Exhibit C.**

**B. General Member and Creditor Inquiries**

Throughout the case, Applicant responded to creditors who requested information. Some creditors wanted general case information, and some creditors requested information about a specific motion or matter.

Applicant spent 5.9 hours in performing these tasks, incurring fees in the amount of $2,940.00, as more particularly described in the attached **Exhibit D.**

**C. Finance/Use of Cash Collateral/Secured Claims**

At the time ECO2 commenced its Case, it was not operating and had no operating income. Its primary assets were equipment, some of which it planned to sell, a large account receivable that it anticipated it would receive during the Case, and intellectual property. Since all assets were secured by various liens, the proceeds of such assets were the Secured Creditors' cash collateral, and the Debtor had to obtain Court authority to use the secured creditors' cash collateral.

On December 1, 2009, pursuant to 11 U.S.C. §§ 361, 362 and 363, Applicant filed a motion for Interim and Final Orders authorizing use of cash collateral and to provide additional adequate protection for such use, to the extent such use results in a diminution of prepetition collateral securing certain secured obligations (Docket #14). The Motion was made on the grounds that such use was necessary for the conduct of the Chapter 11 case and that the entities with an interest in such cash collateral are or will be adequately protected under the terms of the proposed Order. On December 4, 2009, pursuant to the Use of Cash Collateral Motion and after an expedited hearing, the Court extended an Interim Order authorizing use of cash collateral in accordance with an attached budget (Docket #26). Applicant appeared at further and a final hearing, and the Court entered a final Order approving the use of cash collateral on December 22, 2009 (Docket #87). During the time period included in this interim application, the Debtor generated in excess of $400,000.00 in sales and collected $140,000 in accounts receivable.

Applicant spent 24.2 hours in performing these tasks, incurring fees in the amount of $11,555.00, as more particularly described in the attached **Exhibit E.**

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607

**D. Debtor-in-Possession Loans**

From the outset of the Case, it was anticipated that the Debtor would need additional funds to operate during the Case. The Debtor obtained authority to borrow up to $600,000.00 from Trident Capital Fund-VI, LP, Trident Capital Fund-VI Principal Fund, LLC and PPC Holdings, LLC successor in interest to Buff Investment Limited Partnership (collectively "DIP Lenders"), and agreed to provide the DIP Lenders with a superpriority administrative claim and priority lien, subordinating the existing first secured lien to 75% of the principal amount of funds advanced under the DIP Loans. After many telephonic meetings, and much discussion, the Secured Creditors consented to the DIP Loan and the Subordination, and the Court approved the DIP Loan by order entered on February 12, 2010.

Applicant assisted the Debtor in negotiating the terms of the DIP financing, revising the DIP Agreement and Subordination Agreement, preparing the Motion and supporting pleadings and preparing the Order (Docket #123).

Applicant spent 90.5 hours in performing these tasks, incurring fees in the amount of $43,227.00, as more particularly described in the attached **Exhibit F.**

**E. Wendel Rosen Employment & Compensation**

Applicant prepared and filed its Application to employ Wendel, Rosen, Black & Dean, LLP, ("WRBD") as counsel for Chapter 11 Debtor on November 24, 2009 (Docket #2). ECO2 retained WRBD to represent ECO2 because WRBD is well qualified to represent it in this Chapter 11 case and is familiar with the facts and law necessary to represent ECO2. On December 17, 2009, the Court entered an Order granting the Application to employ WRBD as counsel for Chapter 11 Debtors (Docket #67).

On December 11, 2009, Applicant filed a Motion for approval of payment of post petition retainer to WRBD (Docket #43). On December 29, 2009, the Court entered an Order authorizing payment of the post petition retainer in the sum of $100,000 (Docket #98).

Applicant spent 2.2 hours in performing these tasks, incurring fees in the amount of $965.00, as more particularly described in the attached **Exhibit G.**

**F. Employment and Compensation of Other Professionals**

On December 8, 2009, Applicant assisted in filing its Application requesting the authority to retain the Law Offices of James W. Rose ("Rose") as Special Counsel pursuant to Bankruptcy Code Section 327(e) (Docket #34). Prior to the commencement of the Chapter 11 case, ECO2 retained Rose as corporate counsel to provide services related to intellectual property matters, including the perfection of certain patent interests, the application for new patents, the use of license agreements, and the negotiations for matters related to the use of intellectual property. It was critical to ECO2 that it had experienced intellectual property counsel to assist it in its intellectual property matters. An Order granting the Application was entered on December 9, 2009 (Docket #40). Applicant also assisted Rose in understanding the billing and payment requirements unique to the Bankruptcy process.

Applicant spent 9.7 hours in performing these tasks, incurring fees in the amount of $4,292.50, as more particularly described in the attached **Exhibit H.**

**G. Financial Filings**

This case was commenced with the filing of petition without a complete statement of Financial Affairs and Schedules. On December 9, 2009, Applicant filed a Motion to Extend Time to File Schedules of Assets and Liabilities and Statement of Financial Affairs, including a Declaration on same (Docket #37). ECO2 requested an extension of time because it was not able to complete the financial filings within the time provided by Bankruptcy Rule 1007(c). An Order was entered on this Motion (Docket #39) on December 10, 2009. Applicant assisted the Debtor in preparing and filing the SOFAS on December 17, 2009 (Docket #59). On February 1, 2010, ECO2 filed its Amended SOFAS (Docket #127).

During the Case, ECO2 filed certain documents which allowed the creditors and other interested parties to follow its operations during the case. Initially it filed its Statement of Financial Affairs, Schedules and other information (the "SOFAS"), setting forth detailed information regarding its assets, liabilities, recent transactions and other financial information as they existed on the date of the Petition. As a Chapter 11 Debtor-in-Possession, ECO2 is required to file a Statement of Financial Affairs, Schedules and other information (the "SOFAS"), setting

forth detailed information regarding its assets, liabilities, recent transactions and other financial information. Applicant assisted the Debtor in preparing and filing the SOFAS on December 17, 2009 (Docket #59). On February 1, 2010, ECO2 filed its Amended SOFAS (Docket #127).

Throughout the Case, Applicant assisted ECO2 in filing its Monthly Operating Reports with the Bankruptcy Court, which enabled creditors to review the Debtor's operations on a monthly basis. Additionally, as is required, within fifteen (15) days of filing its Monthly Operating Report with the Bankruptcy Court, Applicant assisted ECO2 in preparing the description of the bankruptcy portion of the modified Form 8(k) with the Security and Exchange Commission, attaching copies of the Monthly Operating Reports.

Applicant spent 70.0 hours in performing these tasks, incurring fees in the amount of $18,692.50, as more particularly described in the attached **Exhibit I.**

**H. Executory Contracts/Leases**

On February 16, 2010, ECO2 filed a Motion for an Order authorizing and approving the post-petition payments under a pre-petition Settlement Agreement to Cool Clean Technologies, Inc. ("Cool Clean") (Docket #143). The Court approved the Settlement Agreement by Order dated March 22, 2010 (Docket #158). The Settlement allowed the Debtor to make payments on a pre-petition settlement agreement which will assist operations of ECO2 when it emerges from Chapter 11.

Applicant spent 16.1 hours in performing these tasks, incurring fees in the amount of $7,094.50, as more particularly described in the attached **Exhibit J.**

**I. Honeywell IP Matters**

One of the primary assets of ECO2 is its license to use Honeywell patents. Applicant assisted the Debtor in analyzing its IP agreements and the Debtor's rights and obligations in the context of the Chapter 11 case. Applicant prepared for and attended a meeting between the Debtor and Honeywell in Kansas City, in which the parties negotiated certain issues related to the Debtor's possible modification of its license to be assumed under the Chapter 11 Plan.

Applicant spent 15.5 hours in performing these tasks, incurring fees in the amount of $8,142.50, as more particularly described in the attached **Exhibit K.**

**J. RiverBank Plant Lease**

NI Industries ("NI") was ECO2's landlord at its primary plant facility in Riverbank, California. Applicant prepared and filed a motion to (i) reject the NI Riverbank Lease effective January 15, 2010; (ii) to obtain authority to continue to pay NI $8,000.00 a month to store equipment at the premises; and (iii) to establish a bar date for the NI rejection claim (Docket #117). Subsequently, Applicant negotiated and prepared a Stipulation between ECO2 and NI allowing ECO2 to reject the NI lease, but to remain in the facility using a portion of space for the balance of the term for the sum of $8,600.00 a month (Docket #131) which Stipulation was approved by the Court on February 12, 2010 (Docket #137).

Applicant spent 33.9 hours in performing these tasks, incurring fees in the amount of $15,542.50, as more particularly described in the attached **Exhibit L.**

**K. Operations**

Applicant assisted the Debtor in analyzing the treatment of certain contracts related to the operations of ECO2, and provided advice to the Debtor on operations during the Chapter 11, including wages, insurance and tax matters.

Applicant spent 7.2 hours in performing these tasks, incurring fees in the amount of $3,702.50, as more particularly described in the attached **Exhibit M.**

**L. General Asset Analysis & Recovery**

Applicant consulted with the Debtor regarding issues related to general asset disposition via sale or return.

Applicant spent 2.7 hours in performing these tasks, incurring fees in the amount of $1,427.50, as more particularly described in the attached **Exhibit N.**

**M. Specific Asset Disposition/Sale/Lease/Abandonment**

As set forth above, having obtained authority to use cash collateral, ECO2 proceeded to sell excess equipment that it did not need at its new facility. Initially ECO2 sought authority to sell its equipment free and clear of the liens that encumbered the equipment pursuant to Bankruptcy Code Section 365(f). The Secured Creditors consented to the sale of the equipment free and clear of liens, and thus the Court granted the motion. Applicant prepared a Motion

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607



Case: 09-33702 Doc# 160 Filed: 03/30/10 Entered: 03/30/10 14:32:42 Page 10 of 18

seeking authority for the Debtor to sell its excess equipment free and clear of liens or interests pursuant to Bankruptcy Code Section 365(f) (Docket #42). An Order approving sales free of liens was entered on December 22, 2009 (Docket #86), which Order applied to all sales that the Debtor contemplated.

Applicant also prepared a Motion to allow ECO2 to sell excess equipment worth less than $20,000.00 without further Court Order to non-insiders (Docket #44). An Order granting this Motion was entered on January 23, 2010 (Docket #90). Applicant prepared and filed a Notice regarding such sales (Docket #116) indicating that the Debtor sold $18,903.90 worth of miscellaneous equipment.

Additionally, Applicant prepared Motions pursuant to Bankruptcy Code Section 363(b), to allow ECO2 to sell certain equipment to Allan Company for the sum of $125,000 and Peninsula Plastics Recycling, Inc. for $150,000. The sales were in the best interests of the estate because the sales represent the highest and best offers that the Debtor was able to obtain to date, and the sales were to bona fide good faith purchasers. Applicant also prepared Declarations for the buyers as to attest to their good faith purchases status (Docket Nos. 66, 69 and 75). An Order approving the sale of the equipment to the purchasers was entered on December 30, 2009 (Docket #99).

Applicant also prepared a Motion for authorization to sell the equipment to purchaser C&M Fiber, Inc. ("C&M"), which motion was filed December 31, 2009 (Docket #100). The hearing on the approval of that sale turned into an auction and the sale originally noticed for $100,000, was approved for $135,000, with a portion of the proceeds being paid to Carter Day International pursuant to a settlement agreement as to the payment for the Carter Day leased equipment. Applicant prepared an amended Motion that was filed on January 5, 2010 (Docket #106), and on January 13, 2010, the Order approving the sale was entered by the Court (Docket #109).

In total, ECO2 sold over $410,000.00 worth of excess equipment, and used the proceeds of that cash collateral less sums paid to Carter Day to operate during the Case.

Applicant spent 73.7 hours in performing these tasks, incurring fees in the amount of

$30,130.00, as more particularly described in the attached **Exhibit O.**

**N. Case Administration/U.S. Trustee Matters**

On December 3, 2009, ECO2 filed its Application requesting Rodney S. Rougelot, Chief Executive Office of ECO2, be designated as the individual responsible for the duties and obligations of the Debtor-in-Possession (Docket #24). On December 4, 2009, the Order was entered on this Application (Docket #27).

To reduce costs, Applicant prepared an Ex Parte Motion to limit notice in light of the numerous creditors, shareholders and parties in interest in this case and it was filed by ECO2 on November 24, 2009 (Docket #4). The Order limiting notice was entered by the Court on November 26, 2009 (Docket #13).

The first meeting of Creditors with 341(a) meeting was held on December 29, 2009, at the U.S. Trustee's office and, because of the unavailability of the U.S. Trustee, a continued meeting of Creditors was held on January 8, 2010 and the minutes of the meeting of Creditors was entered onto the Docket. Applicant prepared the Debtor for the meetings and appeared at the meetings of creditors. Prior to the meeting of creditors, Applicant appeared with the Debtor at the IDI meeting with the U.S. Trustee.

Applicant also advised and assisted EOC2 regarding compliance with its obligations as a Debtor in Possession and with the Federal Rules of Bankruptcy Procedure and U.S. Trustee Guidelines.

Applicant spent 48.0 hours in performing these tasks, incurring fees in the amount of $14,970.00, as more particularly described in the attached **Exhibit P.**

**O. Creditor Committee**

On December 8, 2009, Official Unsecured Creditors' Committee ("Committee") was appointed, and the Committee has been represented by Clifford Stevens of Neumiller & Beardslee. Applicant provided information as requested to the Committee, and provided additional background information in connection with its request for the Committee to approve all motions filed after the appointment of the Committee.

Applicant spent 7.1 hours in performing these tasks, incurring fees in the amount of

$2,910.00, as more particularly described in the attached **Exhibit Q.**

**P. Stay Litigation**

Applicant conferred with Debtor regarding a possible violation of the automatic stay and the Debtor's options if the creditor did not refrain from its conduct.

Applicant spent .4 hours in performing these tasks, incurring fees in the amount of $210.00, as more particularly described in the attached **Exhibit R.**

**Q. Claims Administration & Objections**

Applicant commenced its preliminary review and analysis of the claims.

Applicant spent 1.1 hours in performing these tasks, incurring fees in the amount of $605.00, as more particularly described in the attached **Exhibit S.**

**R. Tax Matters**

Applicant assisted the Debtor in understanding and proceeding with a strategy to resolve a dispute with the IRS on its priority claim in the amount of $154,290.18. Applicant conferred with the IRS which thereafter the IRS withdrew its priority claim.

Applicant spent 2.1 hours in performing these tasks, incurring fees in the amount of $1,132.50, as more particularly described in the attached **Exhibit T.**

**S. Disclosure Statement**

Applicant assisted ECO2 in formulating its Plan and discussing its options. Applicant drafted the Disclosure Statement and the Chapter 11 Plan and Disclosure Statement were filed on March 11, 2010, outside of the period of this Application, however, Applicant commenced developing and drafting the Disclosure Statement during this period.

Applicant spent 10.2 hours in performing these tasks, incurring fees in the amount of $2,640.00, as more particularly described in the attached **Exhibit U.**

**T. Chapter 11 Plan**

Applicant assisted ECO2 in formulating its Chapter 11Plan and discussing its options. Applicant drafted the Plan outline. The Plan and Disclosure Statement were filed on March 11, 2010, outside of the period of this Application, however, Applicant commenced developing and drafting the Plan during this period.

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607



Case: 09-33702 Doc# 160 Filed: 03/30/10 Entered: 03/30/10 14:32:42 Page 13 of 18

Applicant spent 28.6 hours in performing these tasks, incurring fees in the amount of $15,085.00, as more particularly described in the attached **Exhibit V.**

**U. Secured Claims Administration/Objections**

Applicant met with the Debtor and secured creditor, State of California, to negotiate the its consent to use of cash collateral and the terms of a subordination agreement which would allow the Debtor to obtain Debtor in Possession financing to fund operations during the Chapter 11.

Applicant spent 3.0 hours in performing these tasks, incurring fees in the amount of $1,355.00, as more particularly described in the attached **Exhibit W.**

**V. Fee Application**

Applicant's time in preparing this Application will be reflected in its next application for compensation.

**V. SUMMARY OF FEES AND COSTS INCURRED**

Applicant's total time representing the Trustee in this case totaled 452.10 hours, representing $201,363.50 of fees. The hours are detailed on Applicant's computerized timesheets, copies of which are attached as **Exhibits A through W**. Applicant also incurred costs of $12,258.89, as indicated in the attached **Exhibit X**.

The Exhibits detail specific services and identify the individual attorneys and paralegals that performed those services. At the end of each Exhibit appears a summary of time expended, blended hourly rates, and fees incurred by each attorney and paralegal. (Resumes of paralegals that worked on the case are attached hereto as **Exhibit Y**.)

**SUMMARY OF FEES**

| EXHIBIT | CATEGORY | HOURS | TOTAL |
|---|---|---|---|
| **C** | Initial Pleadings | 56.4 | $14,744.50 |
| **D** | General Member and Creditor Inquiries | 5.9 | 2,940.00 |
| **E** | Financing/Use of Cash Collateral/ Secured Claims | 24.2 | 11,555.00 |

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607



Case: 09-33702 Doc# 160 Filed: 03/30/10 Entered: 03/30/10 14:32:42 Page 14 of 18

| EXHIBIT | CATEGORY | HOURS | TOTAL |
|---|---|---|---|
| **F** | ECO2 – 364 Debtor In Possession Loan | 90.5 | 43,227.00 |
| **G** | Wendel Rosen Employment & Compensation | 2.2 | 965.00 |
| **H** | Employment & Compensation of Professionals | 9.7 | 4,292.50 |
| **I** | Financial Filings | 70.0 | 18,692.50 |
| **J** | Executory Contracts/ Leases/Utilities | 16.1 | 7,094.50 |
| **K** | Honeywell IP Matters | 15.5 | 8,142.50 |
| **L** | RiverBank Plant Lease | 33.9 | 15,542.50 |
| **M** | Operations | 7.2 | 3,702.50 |
| **N** | General Asset Analysis & Recovery | 2.7 | 1,427.50 |
| **O** | Specific Asset Disposition/Sale/Lease/ Abandonment | 73.7 | 30,130.00 |
| **P** | Case Administration/UST Matters | 48.0 | 14,970.00 |
| **Q** | Creditor Committee | 7.1 | 2,910.00 |
| **R** | Stay Litigation | 0.4 | 210.00 |
| **S** | Claims Administration & Objections | 1.1 | 605.00 |
| **T** | Tax Matters | 2.1 | 1,132.50 |
| **U** | Disclosure Statement | 10.2 | 2,640.00 |
| **V** | Plan of Reorganization | 28.6 | 15,085.00 |
| **W** | Secured Claims Administration/ Objections | 3.0 | 1,355.00 |
| **TOTAL** | | **452.10** | **$201,363.50** |

**SUMMARY OF COSTS**

| Category | Amount |
|---|---|
| Outside Photocopies | $221.00 |
| DataSearch | 260.08 |
| Filing Fee | 1,091.00 |
| Lexis | 731.75 |

| | |
|---|---:|
| In-house Special Messenger | 400.00 |
| U.S. Postage | 415.32 |
| Telephone Expenses | 22.20 |
| Travel Related Expenses | 851.18 |
| UPS Delivery | 5,740.21 |
| PBMS Copy Charges | 2,526.15 |
| **Total** | **$12,258.89** |

**Note on Costs.** In accordance with the Bankruptcy Court Guidelines for Compensation and Expense Reimbursement of Professionals, Applicant's incoming facsimile charges are charged at 20¢ per page. Effective June 1, 2005, Applicant reduced its photocopy charges to 15¢ per page. Applicant has removed all surcharges from telephone calls and computerized research, if any, and has charged the estate only for its actual costs.

## VI. CONCLUSION

In view of the time expended, the responsibilities assumed, and Applicant's reputation and skill in Chapter 11 matters, as well as a voluntary fee reduction of $14,817.00, for purposes of this Application only, Applicant respectfully submits that the reasonable value of the services rendered during the Application Period is $201,363.50, and Applicant seeks allowance and approval of its fees in that amount, less the $100,000 post-petition retainer, for a net request in the amount of $101,363.50 for attorneys' fees incurred during the Application Period. Applicant also expended the sum of $12,258.89, for costs during the Application Period, and seeks approval of reimbursement of that amount. Applicant seeks authorization for ECO2 to promptly pay the sum of $110,000.00**,** the amount allowable under the Debtor in Possession loan budget**,** as the total amount of fee and expenses incurred during the Application Period.

Applicant respectfully submits that the services rendered to ECO2 were necessary and that the fees requested constitute reasonable and necessary fees expended on behalf of the estate.

WHEREFORE, Applicant prays that this court enter its order with respect to the

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607

following:

1. Allowing and approving $201,363.50 of attorneys' fees and $12,258.89 of costs incurred and expended on behalf of ECO2 during the Application Period;

2. Authorizing Applicant to apply the $100,000 post-petition retainer to the award of attorneys' fees;

3. Authorizing ECO2 to pay Applicant the total balance of fees and costs approved by the court up to $110,000.00; and

4. For such other and further relief as this court deems just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Wendel, Rosen, Black & Dean LLP
1111 Broadway, 24th Floor
Oakland, CA 94607



Case: 09-33702 Doc# 160 Filed: 03/30/10 Entered: 03/30/10 14:32:42 Page 17 of 18

## CERTIFICATION

The undersigned professional certifies that (a) I have read the Application; (b) to the best of my knowledge, information, and belief, formed after reasonable inquiry, the compensation and expense reimbursement sought is in conformity with the Guidelines for Compensation and Expense Reimbursement of Professionals for the United States Bankruptcy Court for the Northern District of California, unless specifically noted in the Application; (c) the compensation and expense reimbursement requested are billed at rates no less favorable than those customarily employed by Applicant and generally accepted by Applicant's clients; and (d) Applicant has not entered into any agreement or understanding with any other entity for the sharing of compensation received or to be received for services rendered in or in connection with this case, nor has the Applicant received from or shared with any other entity any compensation for services rendered in or in connection with this case.

I declare under penalty of perjury that all representations and time records attached to this Application are true and correct to the best of my knowledge, information, and belief.

Dated: March 30, 2010

WENDEL, ROSEN, BLACK & DEAN LLP

By: */s/ Tracy Green*
Tracy Green
Attorneys for Debtor In Possession
ECO2 Plastics, Inc.





Case: 09-33702 Doc# 160 Filed: 03/30/10 Entered: 03/30/10 14:32:42 Page 18 of 18